# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Napoleon Express, Inc.,

Plaintiff,

-vs-

Volvo Trucks North America, Inc.
and Twin Bridges Truck City, Inc.,

Defendants.

No. 08 C 390

SENIOR U.S. DISTRICT JUDGE
GEORGE W. LINDBERG

## MEMORANDUM OPINION AND ORDER

Plaintiff Napoleon Express, Inc.'s ("Napoleon") amended complaint against Volvo Trucks North America, Inc. and Twin Bridges Truck City, Inc. alleges three claims: breach of contract (Count I), breach of the implied warranty of merchantability (Count II), and breach of the implied warranty of fitness (Count III). Defendants moved to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that any recovery is barred by disclaimers within Volvo Truck's Standard Truck Warranty Certificate ("Truck Warranty Certificate"), Standard Volvo Engine Warranty Certificate ("Engine Warranty Certificate") and Warranty Registration (collectively "Warranty Documents").

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a plaintiff has failed to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Equal Employment Opportunity Commission v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). This requirement imposes two easy-to-clear hurdles:

> First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." . . . . Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court.

*Id.*; s*ee also Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007) ("obligation to provide the grounds of [plaintiff's] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). When determining whether a plaintiff has cleared these hurdles, the court "accept[s] the complaint's well-pleaded allegations as true and draw[s] all favorable inferences for [plaintiff]." *Killingsworth,* 507 F.3d at 618.

Although the court has before it a Rule 12(b)(6) motion to dismiss, it may consider the Warranty Documents because they are concededly authentic and are central to plaintiff's claims. *See Albany Bank & Trust Co. v. Exxon Mobile Corp.,* 310 F.3d 969, 971 (7th Cir. 2002).

In considering the effect of the Warranty Documents, this court applies Illinois substantive law. Illinois adopted the Uniform Commercial Code, which permits parties to exclude implied warranties from their sales contract. 810 ILCS 5/2-316(2).

In regards to Counts II and III, both parties agree that their dealings gave rise to an implied warranty of fitness for a particular purpose and to an implied warranty of merchantability. Defendants knew, at the time of contacting, that plaintiff needed trucks for interstate cargo transport and plaintiff relied on defendants' expertise to manufacture and sell such vehicles. The dispositive question, then, for purposes of defendants' motion to dismiss, is whether the language in the Warranty Documents was sufficient to disclaim these implied warranties.

08 C 390

The Uniform Commercial Code requires that:

> [T]o exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous.

810 ILCS 5/2-316(2).

Conspicuous language is:

> [S]o written that a reasonable person against whom it is to operate ought to have noticed it. . . . Language in the body of a form is "conspicuous" if it is in larger or other contrasting type or color.

810 ILCS 5/1-201(10); *also see L.S. Heath & Sons, Inc. v. AT&T Info. Sys., Inc.,* 9 F.3d 561, 571 (7th Cir. 1993). The court determines whether a particular term or clause is conspicuous. 810 ILCS 5/1-201(10).

A statement on the front of the Engine Warranty Certificate ("the statement") provides:

> SEE REVERSE SIDE FOR IMPORTANT LIMITATIONS AND EXCLUSIONS.

On the front of the Truck Warranty Certificate and on the back of the Engine Warranty Certificate it is provided that:

> THIS WARRANTY IS EXPRESSLY IN LIEU OF ALL OTHER WARRANTIES AND REPRESENTATIONS OR CONDITIONS STATUTORY OR OTHERWISE, EXPRESSED OR IMPLIED INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

The Warranty Registration provides:

**LIMITATION OF REMEDIES**

> THE STANDARD TRUCK AND VOLVO ENGINE WARRANTY CERTIFICATES CONTAIN THE SOLE AND EXCLUSIVE WARRANTIES FOR VOLVO TRUCKS AND VOLVO ENGINES.

08 C 390

This document also requires a buyer's signature:

> ON THE DATE OF THE SALES ORDER, I HAVE READ THE WARRANTY CERTIFICATE AND UNDERSTAND AND ACCEPT THE TERMS AND ACKNOWLEDGE RECEIPT OF THIS AGREEMENT THROUGH MY SIGNATURE BELOW.

The statement and all of the disclaimers are in capital letters and significantly larger than the rest of the text. The statement and the disclaimers within the Truck Warranty Certificate and the Engine Warranty Certificate are surrounded by outlining boxes. The disclaimers in the Truck Warranty Certificate and the Engine Warranty Certificate specifically mention "merchantability" and "fitness for a particular purpose." Further, plaintiff's required signature on the Warranty Registrations for each truck ensures that "a reasonable person against whom [the warranty] is to operate . . . noticed it." 810 ILCS 5/1-201(10). In total, the disclaimer is conspicuous.

However, relying on *FMC Finance Corp. v. Murphree*, 632 F.2d 413 (5th Cir. 1980), plaintiff claims that even if a disclaimer is conspicuous, discovery is still necessary to determine the possibility of unconscionability as defined by 810 ILCS 5/2-302. For such a claim to be sufficiently pled, factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Killingsworth,* 507 F.3d at 618. Plaintiff's amended complaint, unlike that in *FMC Finance Corp.*, fails to raise any factual allegations regarding unconscionability. Accordingly, the implied warranties were properly disclaimed and defendants' motion to dismiss is granted with respect to Counts II and III.

As for Count I (breach of contract), the first amended complaint alleges:

> 6. Said contracts for purchase of all three tractors contained various express warranties for the tractors as well as the engines, which were manufactured by Volvo.
>
> . . . .

08 C 390

> 8. Said tractors were warranted to be: (a) free from defects in materials and workmanship, and; (b) fit for use as over the road tractors suitable for hauling semi-trailers with or without cargo over long distances without break down.

Defendants contend that this is, in actuality, a claim for breach of an implied warranty of fitness. However, plaintiff states that this is not such a claim, but rather a claim for breach of an express warranty. This court agrees with plaintiff. As a claim for breach of an express warranty, Count I of the amended complaint will not be dismissed.

ORDERED: Defendants' motion to dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) is granted in part and denied in part. Counts II and III are dismissed with prejudice. The motion is denied with respect to the breach of express warranty claim of Count I.

ENTER:

*[signature: George W. Lindberg]*

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: July 17, 2008